UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-21253-JB

GERALD STEVEN AGUILAR PEREZ,

      Petitioner,

v.

PAM BONDI, in her official capacity as
Attorney General of the United States, *et al.*,

      Respondents.
_____/

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

      **THIS CAUSE** comes before the Court upon Petitioner Gerald Steven Aguilar Perez's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [6]. Respondents filed a Response in opposition to the Petition. ECF No. [10]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

    **I.**    **BACKGROUND**

      Petitioner is a Honduran citizen who has resided in the United States since August 2023. ECF No. [10-2]. On September 8, 2025 the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging Petitioner with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States who has not been admitted or paroled," and thereby initiated removal proceedings against Petitioner under 8

U.S.C. § 1229(a). ECF No. [10-2]. Petitioner was taken into custody by the United States Immigration and Customs Enforcement in October 2025 and is currently being held at the Krome North Service Processing Center. ECF No. [6] ¶¶ 5–6.

On December 18, 2025, Petitioner appeared before an Executive Office for Immigration Review ("EOIR") immigration judge ("IJ") for a bond hearing. ECF No. [10-3]. The IJ denied bond without conducting a dangerousness or risk of flight determination, concluding that the court lacked jurisdiction over Petitioner's detention status pursuant to the Board of Immigration Appeals' ("BIA") published decision in *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which found that IJs lack authority to consider bond requests of noncitizens who have resided in the United States but have not been admitted or paroled because those individuals are subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2). *See id.*; 29 I. & N. Dec. at 221.

On February 25, 2026, Petitioner filed the instant action. Petitioner raises three due process claims in the Petition. Count I alleges that Petitioner's continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. ECF No. [6] at 4–5. Count II is a claim that Petitioner's arbitrary arrest and detention without a judicial warrant violates due process. *Id.* at 5. Count III alleges that Respondents' failure to consider less restrictive alternatives to detention violates due process. *Id.* at 5–6. Petitioner requests that the Court declare that Petitioner's continued immigration detention without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment of the U.S. Constitution. *Id.*

at 6. Petitioner also requests that the Court order Respondents to "release Petitioner from custody forthwith under reasonable conditions of supervision or on a reasonable bond set by this Court" or, in the alternative, "order a prompt individualized custody/bond hearing before a neutral decision-maker . . . ." *Id*.

Respondents filed a Response to the Petition. ECF No. [10]. The Response does not set forth any analysis of the legal arguments that Respondents assert in opposition to the Petition. Rather, Respondents "submit [an] abbreviated response . . . in lieu of a formal responsive memorandum of law to preserve the legal issues, to conserve judicial and party resources, and to expedite the Court's consideration of this matter." *Id*. at 2. Respondents "rel[y] upon, and incorporate[ ] by reference, the legal arguments it presented" in *Boffill v. Field Office Director, Miami Field Office, U.S. Immigration & Customs Enforcement*, Case No. 25-cv-25179-BECERRA. *Id*. at 5. In so doing, Respondents acknowledge that the Court's decision in *Boffill* "would control the result here if the Court adheres to that decision," at least until the Government's appeals are resolved in *Hernandez-Alvarez v. Warden, Federal Detention Center Miami, et al.*, No. 25-14065, and *Cerro Perez v. Assistant Field Office Director, et al.*, No. 25-14075, which are currently pending before the Eleventh Circuit. *Id*.

## II. ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may

3

be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### A. Jurisdiction

Respondents argue that the Court lacks jurisdiction to consider the Petition based upon (i) 8 U.S.C. § 1252(e)(3), (ii) 8 U.S.C. § 1252(g), and (iii) 8 U.S.C. § 1252(b)(9). The Court rejects these arguments and addresses each provision in turn.

#### i. 8 U.S.C. § 1252(e)(3)

Respondents argue that section 1252(e)(3) deprives this Court of jurisdiction because it provides the U.S. District Court for the District of Columbia with exclusive authority to review "determinations under section 1225(b) of this title and its implementation." 8 U.S.C. § 1252(e)(3)(A). The Court is not persuaded.

First, section 1252(e)(3) is titled "Challenges on validity of the system." 8 U.S.C. § 1252(e)(3). Petitioner does not raise any systemic challenges, nor does he challenge the implementation of section 1225(b)(2). Petitioner challenges the lawfulness of *his* detention without a bond hearing, not the validity of the statutory scheme itself.

Second, section 1252(e)(3) only applies to determinations of "(i) whether such section, or any regulation issued to implement such section, is constitutional; or (ii) whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to

4

implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law." 8 U.S.C. § 1252(e)(3)(A)(i), (ii). Petitioner does not challenge the lawfulness of any particular statute, regulation, or written policy or procedure.

Finally, section 1252(e)(3) is inapplicable as it is limited, by its express terms, to determinations under section 1225(b) and, as explained below, section 1225(b) does not apply here. For these reasons, the Court concludes, as have numerous courts in this Circuit and around the country, that section 1252(e)(3) does not deprive this Court of jurisdiction over Petitioner's claims. *See Rojano Gonzalez v. Sterling*, No. 25-cv-6080, 2025 WL 3145764, at *3 (N.D. Ga. Nov. 3, 2025); *J.A.M. v. Streeval*, No. 4:25-cv-342, 2025 WL 3050094, at * 1 (M.D. Ga. Nov. 1, 2025); *Mata Velasquez v. Kurzdorfer*, No. 25-cv-493, 2025 WL 1953796, at *6-7 (W.D.N.Y. July 16, 2025); *Orozco-Martinez v. Lynch*, No. 25-cv-1353, 2025 WL 3223786, at * 2 (W.D. Mich. Nov. 19, 2025); *Morales Rodriguez v. Arnott*, No. 6:25-cv-00836, 2025 WL 3218553, at * 2 (W.D. Mo. Nov.18, 2025); *Cardona-Lozano v. Noem*, No. 25-cv-1784, 2025 WL 3218224, at *2 (W.D. Tex. Nov. 14, 2025); *Munoz Materano v. Arteta*, No. 25-cv-6137, 2025 WL 2630826, at * 10 (S.D.N.Y. Sept. 12, 2025).

    ii.    **<u>8 U.S.C. § 1252(g)</u>**

Next, Respondents argue that section 1252(g) precludes the Court from exercising jurisdiction. Respondents' position is not supported by either a plain reading of the statute or the applicable case law.

Section 1252 is "Congress's comprehensive scheme for judicial review of removal orders." *Canal A Media Holding, LLC v. USCIS*, 964 F.3d 1250, 1256–57 (11th Cir. 2020). To be sure, this provision bars judicial review over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" 28 U.S.C. § 1252(g). It "is specifically directed at the deconstruction, fragmentation, and hence prolongation of removal proceedings." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999). However, "1252(g) is not to be construed broadly as a 'zipper' clause applying to the full universe of deportation-related claims, but instead as applying narrowly to only the three 'discrete' governmental actions enumerated in that subsection." *Wallace v. Sec'y, U.S. Dep't of Homeland Sec.*, 616 F. App'x 958, 960 (11th Cir. 2015) (citing *A.A.D.C.*, 525 U.S. at 472–73). "And although many other decisions or actions may be part of the deportation process, only claims that arise from one of the covered actions are excluded from [a court's] review. . . ." *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (internal citations and quotations omitted).

Here, Petitioner's claim does not implicate the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. Rather, Petitioner challenges the legality of his detention. Such claim is reviewable. *See Canal A Media Holding, LLC,* 964 F.3d at 1257–58 (claim was not barred by § 1252(g) where action did not fall into one of three categories as "[w]hen asking if a claim is

barred by § 1252(g), courts must focus on the action being challenged."); *see also Maldonado v. Olson*, No. 25-cv-3142, 2025 WL 2374411, at *6 (D. Minn. Aug. 15, 2025) (petitioner's due process challenge was not barred by § 1252(g) as it did not "challenge the actions of Respondents in commencing proceedings, adjudicating cases, or executing removal orders."); *Vazquez v. Feeley,* No. 25-cv-01542, 2025 WL 2676082, at *8 (D. Nev. Sept. 17, 2025) ("[B]ecause Petitioner challenges the lawfulness of his detention during the pendency of his removal proceedings, it is not a challenge to one of the 'three discrete events along the road to deportation' that § 1252(g) applies to."); *Leal-Hernandez v. Noem,* No. 25-cv-02428, 2025 WL 2430025, at *5 (D. Md. Aug. 24, 2025) ("Petition[er] mounts a challenge solely to his continued custody. None of the cases the Government relies on pertain to cases in which a petitioner . . . pursued judicial review of his allegedly unconstitutional custody. In accordance with Supreme Court precedent and the plain language of the text, § 1252(g) does not bar [jurisdiction]."); *Sanchez v. LaRose*, No. 25-cv-2396, 2025 WL 2770629, at *2 (S.D. Cal. Sept. 26, 2025) ("Petitioner seeks only review of the legality of her detention, which does not require judicial intervention into the Attorney General's decisions to commence proceedings, adjudicate cases, and execute removal orders. . . . Adopting [the government's] interpretation of 8 U.S.C. § 1252(g) . . . would eliminate judicial review of immigration detainee's claims of unlawful detention[.]"); *Campos Leon v. Forestal*, No. 25-cv-01774, 2025 WL 2694763, at *1–2 (rejecting respondents' § 1252(g) argument and concluding that the court had jurisdiction to hear habeas petition challenging DHS' refusal to abide by the IJ's bond order).

Accordingly, section 1252(g) does not prevent this Court from exercising jurisdiction over the Petition.

### iii. 8 U.S.C. § 1252(b)(9)

Finally, Respondents contend that section 1252(b)(9) bars this Court's review of Petitioner's claims. Under Section 1252(b)(9), the Courts of Appeals are the exclusive forum for judicial review "of all questions of law . . . including interpretation and application of constitutional and statutory provisions, arising from any action taken . . . to remove an alien from the United States." 8 U.S.C. § 1252(b)(9). Respondents argue that Petitioner's challenge to the basis of his detention "arise[s] from [an] action taken . . . to remove an alien from the United States." The Court does not agree.

This position was squarely addressed in *Jennings v. Rodriguez*, where the United States Supreme Court held that "questions of law" regarding whether "certain statutory provisions require detention without a bond hearing" do not "arise from" the decision to remove an alien from the country as set forth in section 1252(b)(9). *Jennings*, 583 U.S. 281, 292–294 (2018). The Supreme Court rejected an "expansive interpretation of § 1252(b)(9)," explaining that even if "[t]he 'questions of law and fact' . . . could be said to 'aris[e] from' actions taken to remove the aliens in the sense that the aliens' injuries would never have occurred if they had not been placed in detention," this "expansive interpretation of § 1252(b)(9) would lead to staggering results." *Id.*

Moreover, section 1252(b)(9) "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020). Here, Petitioner is not bringing any such challenge. Petitioner is challenging his continued detention and his entitlement to a bond hearing. For these reasons, the Court concludes that section 1252(b)(9) does not divest the Court of its jurisdiction to consider the Petition.

Having determined that the Court has jurisdiction over the Petition, the Court turns to the remaining arguments.

### B. Exhaustion

Respondents argue that the Court should dismiss the Petition because Petitioner has not exhausted his remedies in that he has not sought review of the IJ's decision before the BIA. The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (acknowledging the abrogation of prior Eleventh Circuit precedent interpreting § 1252(d)(1) as a jurisdictional bar by *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023)). In *In re Yajure Hurtado*, the BIA rejected the precise argument Petitioner raises here. 29 I. & N. Dec. at 220 ("Under the plain reading of the INA, we affirm the [IJ's] determination that he did not have authority over the bond request because aliens who are present in the United States without admission are applicants for admission as defined under . . . 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings."). The BIA issued *In re Yajure*

9

*Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see also id.* § 1003.1(d)(1).

Thus, considering *In re Yajure Hurtado*, it appears evident that a noncitizen like Petitioner, who has resided in the United States for years but has not been admitted or paroled, will be subject to mandatory detention without bond under section 1225(b)(2) upon review by the BIA. *See In re Yajure Hurtado*, 29 I. & N. Dec. at 221. Administrative "exhaustion is not required where[,]" as here, "an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). Therefore, since any "bond appeal to the BIA is nearly a foregone conclusion under *Matter of Yajure Hurtado*, any prudential exhaustion requirements are excused for futility." *Puga v. Assistant Field Off. Dir., Krome North Serv. Processing Ctr.*, 25-cv-24535, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025); *see also Jefry Josue Del Cid Del Cid and Marlon Letona Marroquin v. Pamela Bondi*, 2025 WL 2985150, at *13 (W.D. Pa. Oct. 23, 2025); *Guerrero Orellana v. Moniz*, --F. Supp. 3d--, 2025 WL 2809996, at *4 n.2 (D. Mass. Oct. 3, 2025); *Inlago Tocagon v. Moniz*, --F. Supp. 3d--, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211, at *5 (D. Nev. Sept. 23, 2025).

C. **Legality of Petitioner's Mandatory Detention**

Respondents contend that Petitioner's entry into the United States without inspection or admission renders him an "applicant for admission" under 8 U.S.C.

10

section 1225(b)(2)(A), making him subject to mandatory detention and ineligible for a bond hearing. However, as explained below, Petitioner's detention is governed by 8 U.S.C. section 1226(a), which allows for the release of noncitizens on bond. The Court examines each of these statutes in turn.

### i. 8 U.S.C. § 1225

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq*. Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id*. All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[1] To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id*. at 289 (emphasis added).

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id*. Such noncitizens are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1). However, if the noncitizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with

---

[1] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes. Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

11

an immigration officer. *Id.* § 1225(b)(1)(A)(ii). If the immigration officer finds a "credible fear," the noncitizen "shall be detained for further consideration of the application for asylum." *Id.*

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. Noncitizens covered under § 1225(b)(2) are detained for removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. 8 U.S.C. § 1225(b)(2)(A). Importantly, detention under § 1225(b)(2) is mandatory. *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

### ii. 8 U.S.C. § 1226

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2. Importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1),

12

1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

### iii. Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(2)

The question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes*, 2025 WL 1869299, at *8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

The record reflects that DHS proceeded under section 1226 when it encountered Petitioner. Specifically, the NTA did not classify Petitioner as an "arriving alien." ECF No. [10-2]. Instead, the NTA charged him as "present in the United States without admission or parole." *Id*. This classification places him squarely within section 1226. *See e.g., Pizarro Reyes*, 2025 WL 2609425, at *8

(emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, *8 (E.D.N.Y. Oct. 6, 2025) (respondent's initial classification of petitioner "certainly is relevant to the Court's assessment of the credibility and good faith of 'Respondents' new position as to the basis for [Hyppolite's] detention, which was adopted post hoc and raised for the first time in this litigation.'") (citation omitted); *Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

In addition, "[w]hereas [section] 1225 governs removal proceedings for 'arriving aliens,' [section] 1226(a) serves as a catchall." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sept. 9, 2025). As the Supreme Court stated in *Jennings*, section 1226 "creates a default rule" that "applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. The inclusion of a "catchall" provision in section 1226, particularly following the more specific provision in section 1225, is "likely no coincidence, but rather a way for Congress to capture noncitizens who fall outside of the specified categories." *Pizarro Reyes*, 2025 WL 2609425, at *5; *see also Barrera*, 2025 WL 2690565, at *4 (citation omitted). The circumstances surrounding Petitioner's detention align with section 1226(a), not section 1225(b)(2). Indeed, other Courts in this Circuit and District have uniformly rejected Respondents' expansive interpretation of section 1225. *See, e.g., Gil-Paulino*

*v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292, ECF No. [41], (S.D. Fla. Oct. 10, 2025) (respondent's interpretation of the INA "directly contravenes the statute" and "disregards decades of settled precedent"); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *Puga*, No. 25-24535, 2025 WL 2938369, at *3–6; *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sept. 25, 2025); *Alvarez v. Morris*, 25-cv-24806, ECF No. [6], (S.D. Fla. Oct. 27, 2024) (collecting cases).

The Court recognizes that this issue is currently before the Eleventh Circuit Court of Appeals in *Hernandez-Alvarez v. Warden, Federal Detention Center Miami, et al.* and *Cerro Perez v. Assistant Field Office Director, et al.*, and that the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi, et al.* recently issued a decision in Respondents' favor. *See* No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026). However, the *Buenrostro-Mendez* decision is not controlling on this Court, and the Eleventh Circuit has not ruled on the matter. As such, there is no binding authority that contravenes the previous decisions of this Court. Indeed, the overwhelming weight of authority has consistently held that detainees such as Petitioner are entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

Petitioner's detention is governed by section 1226(a) and, therefore, he is entitled to an individualized bond hearing before an IJ. The Court declines to reach

the remaining issues raised in the Petition, as it is granting the relief Petitioner seeks in Count I.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner Gerald Steven Aguilar Perez's Verified Petition for Writ of Habeas Corpus, ECF No. [6], is **GRANTED IN PART**. The Court has determined that Petitioner falls under 8 U.S.C. § 1226(a), and accordingly, Respondents shall promptly afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2. Counts II and III of the Petition are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 9th day of March, 2026.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**